UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY MARKETING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> KAI USA, LTD., <br><br> Defendant. | Case No. 16-cv-02854-RS <br><br> **ORDER REQUESTING SUPPLEMENTAL BRIEFING** |

## I. INTRODUCTION

Plaintiff Brady Marketing Company, Inc., and defendant KAI USA, Ltd., agreed to a four-year contract. At the end of that four-year contract, KAI informed Brady it did not intend to renew their deal. Upset by this news, Brady filed the instant lawsuit in the Northern District of California, advancing six claims for relief. When the parties negotiated their contract, they agreed Oregon law would govern and that Clackamas County, Oregon, would "be the proper forum for any action." In light of this provision, KAI contends the Northern District of California is not the proper forum to adjudicate this dispute.

KAI is correct in two respects: the forum-selection clause is valid and does not violate federal or California public policy and the provision is mandatory. A question remains, however, about whether the contract identifies Clackamas County Circuit Court as the exclusive forum for any disputes, or whether the U.S. District Court for the District of Oregon is also a proper forum. Because transfer, not dismissal, is the only remedy when a forum-selection clause permits

1  adjudication in federal court, the parties are ordered to submit supplemental briefs addressing

2  whether a transfer to the District of Oregon is appropriate.

## II.   FACTS AND PROCEDURAL HISTORY[1]

Oregon-based KAI manufactures and sells fine cutlery.  In 2003, California-based Brady began serving as KAI's exclusive, independent sales representatives in California, Nevada, and Hawaii.  In August 2011, the parties renewed their contract, continuing the business relationship for another four-year term.  During the course of negotiations, the parties agreed to the following contractual term:

> **Applicable Law.**  The Agreement shall be governed by and construed in accordance with the laws of the State of Oregon.  The parties agree that Clackamas County, in the State of Oregon, shall be the proper forum for any action, including, if applicable, arbitration brought under this Agreement.

R. 8-1 at 10 (Agreement ¶ 3.14).

As the end of the four-year term approached, KAI informed Brady that it did not intend to renew their contract.  Dissatisfied with this turn of events, Brady filed this lawsuit in the Northern District of California for (1) breach of contract; (2) a violation of California Civil Code § 1738.10; (3) a violation of Oregon Revised Statute § 646A.097;[2] (4) quantum meruit; (5) promissory estoppel; and (6) an accounting.

## III.   LEGAL STANDARD

District courts have the "inherent power" to decline jurisdiction and to dismiss actions "in exceptional circumstances" under the doctrine of *forum non conveniens*.  *Paper Operations*

---

[1] For the purposes of this order the averments in the complaint are taken as true.  In addition, KAI submitted the contract at issue, and Brady has not objected.  The contract is appropriate to consider because the complaint incorporates it by reference.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.").

[2] Brady pleaded claim 3 in the alternative in the event its claim under California Civil Code § 1738.10 fails.

*Consultants Int'l, Ltd. v. S.S. Hong Kong Amber*, 513 F.2d 667, 670 (9th Cir. 1975). Whether to grant a motion to dismiss or to transfer a case based on the doctrine of *forum non conveniens* lies in the sound discretion of district courts. *SanDisk Corp. v. SK Hynix Inc.*, 84 F. Supp. 3d 1021, 1028 (N.D. Cal. 2015) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981)).

To preserve the parties' bargain, district courts must give forum-selection clauses "controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (internal quotation marks and alteration omitted). In the face of a valid forum-selection clause, the plaintiff bears the burden of showing why the forum he or she selected is appropriate. *Id.* at 582; *Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG*, No. 2:13-CV-02311-RSM, 2014 WL 7338739, at *4 (W.D. Wash. Dec. 19, 2014) ("[T]he *Atlantic Marine* test both narrows and flips the burden of persuasion, placing the burden on the plaintiff . . . .").

When a defendant moves to dismiss a plaintiff's complaint on the basis of the principle of *forum non conveniens*, the court must first determine whether the forum-selection clause is valid. *See id.* at 581 ("When the parties have agreed to a *valid* forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." (emphasis added)).[3] Forum-selection clauses are presumptively valid. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972). To overcome this presumption, a party must show (1) that "the inclusion of the clause in the agreement was the product of fraud or overreaching"; (2) that "the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced"; or (3) that "enforcement would contravene a strong public policy of the forum in which suit is brought." *Richards v.*

---

[3] "Section 1404(a) . . . provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atl. Marine*, 134 S. Ct. at 579. When the forum-selection clause identifies a state or foreign jurisdiction, the proper enforcement mechanism is dismissal. *See Monastiero v. appMobi, Inc.*, No. C 13-05711 SI, 2014 WL 1991564, at *5–6 (N.D. Cal. May 15, 2014) (dismissing a complaint on the basis of *forum non conveniens* when the parties selected Lancaster County, Pennsylvania, as the proper forum).

*Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (citing *Bremen*, 407 U.S. at 12-13) (internal quotation marks omitted).

If the forum-selection clause is valid, then the next step is to determine whether the forum-selection clause is mandatory or permissive. If the clause is mandatory, then "the plaintiff's choice of forum merits no weight, and he or she has "waive[d] the right to challenge the preselected forum as inconvenient or less convenient." *Atl. Marine*, 134 S. Ct. at 582. Accordingly, courts may not consider the parties' private interests. *Id.* at 582; *see also Monastiero v. appMobi, Inc.*, No. C 13-05711 SI, 2014 WL 1991564, at *5–6 (N.D. Cal. May 15, 2014) ("It is this Court's understanding that post-*Atlantic Marine*, . . . courts are precluded from considering such private-interest factors as costs and inconvenience."). Instead, the only question is whether the public-interest factors militate in favor of the parties' selected forum. *Atl. Marine*, 134 S. Ct at 582. "Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n.6 (internal quotation marks and alteration omitted). All in all, "[i]n all but the most unusual cases, . . . 'the interest of justice' is served by holding the parties to their bargain." *Id.* at 583.

When a forum-selection clause is merely permissive, courts must weigh both the private and public factors. *Lavera*, 2014 WL 7338739, at *5 (collecting cases). The Supreme Court has identified the following relevant private factors: (1) the "relative ease of access to sources of proof"; (2) the "availability of compulsory process of unwilling" witnesses; (3) "the cost of obtaining attendance of willing[] witnesses"; (4) the ability to view the premises if doing so would be appropriate; and (5) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft*, 454 U.S. at 241 n.6 (internal quotation marks omitted).

## IV. DISCUSSION

### A. Is the Forum-Selection Clause Valid?

Brady contends the forum-selection clause at issue is invalid for two reasons. First, it insists enforcing the clause would violate federal public policy, which favors providing a federal

forum to all diverse parties. As will be discussed further below, this forum-selection clause does not necessarily deprive Brady of a federal forum. Accordingly, there is no need to address whether such a federal public policy exists.[4]

Second, Brady argues the forum-selection clause is invalid because it violates California's public policy to offer wholesale sales representatives special employment protections. California Civil Code § 1738.10 reflects the California legislature's intent to protect independent wholesale sales representatives from unjust termination. Among the statutory protections section 1738.13(e) offers, is a provision that deems any contractual provision "which waives any rights established pursuant to this chapter" contrary to public policy and void. Brady worries a non-California forum will deprive it of the special protections California has created.

This argument has been tried before, and failed. *See Forte Tech. Sales, LLC v. Freescale Semiconductor, Inc.*, No. C 08-2153 JF, 2008 WL 3929814, at *2–3 (N.D. Cal. Aug. 26, 2008). In *Forte Tech.*, the plaintiff similarly cited "overly broad portions of the Act" and emphasized section 1738.13(e)'s no-waiver provision, but the district court correctly noted "the no-waiver clause does not relate to venue or forum selection"; it relates to the substantive rights created by the statute. *Id.* at *3. Indeed, nothing in the statutory language requires such claims to be litigated in California courts, and therefore there is little support for Brady's contention that litigation in Oregon violates California's public policy. Nor has Brady explained why it would be inappropriate to apply Oregon law when it agreed with KAI that Oregon law would govern their

---

[4] Brady's reliance on *Atlantic Marine* for the proposition that there is a federal public policy to offer a federal forum to all diverse parties is questionable. In *Atlantic Marine*, the Court discussed 28 U.S.C. § 1391(b), which defines the preferred judicial districts for venue. In the course of discussing section 1391(b), the Court remarked that the fallback option outlined in the third paragraph of that section "ensures that so long as a federal court has personal jurisdiction over the defendant, venue will always lie somewhere." *Atl. Marine*, 134 S. Ct. at 578. That observation is a far cry from finding a federal public policy that requires offering a federal forum to all diverse parties. Moreover, forum-selection clauses selecting state courts as the exclusive forums would always violate such a policy. Yet, federal courts routinely enforce such provisions. *See, e.g.*, *Found. Fitness Products, LLC v. Free Motion Fitness*, 121 F. Supp. 3d 1038, 1044–45 (D. Or. 2015) (enforcing a forum-selection clause, which identified "the applicable courts of the State of Utah" as the exclusive forum for disputes).

contractual relationship. *Id.* ("Forte does not explain why application of Texas law would be inappropriate given that the parties agreed that Texas law would apply, nor does it offer any evidence that a Texas court would ignore any applicable California law."). Brady has thus failed to show that the clause of the contract selecting the applicable law and forum is void.

### B. Is the Forum-Selection Clause Mandatory?

The more difficult question is whether the forum-selection clause is mandatory or permissive. Federal law informs the interpretation of forum-selection clauses. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). Under federal law, the starting point for contractual analysis is the contract itself. *Id.* Contracts must be read as a whole. *Id.* When the plain, ordinary meaning of the contract terms is clear, the task of interpretation is relatively easy; the plain meaning controls. *Id.*

A mandatory forum-selection clause "clearly require[s] *exclusive* jurisdiction." *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) (emphasis in original). In other words, "the clause's language must require 'that the designated courts are the only ones which have jurisdiction.'" *Lavera*, 2014 WL 7338739, at *5 (quoting *Hunt*, 817 F.2d at 77-78). In contrast, permissive clauses manifest consent to a court's jurisdiction, but do not suggest litigation in other courts is forbidden. *See Hunt*, 817 F.2d at 77 ("Such consent to jurisdiction, however, does not mean that the same subject matter cannot be litigated in any other court."). Unless the forum-selection clause "clearly designate[s] a particular forum as the exclusive venue," courts must conclude the clause is permissive. *N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995).

"[T]o be mandatory [a forum-selection clause] must be extremely deliberate in selecting a specific and exclusive venue and in indicating that all action[s] must be brought solely in that venue, and no other." *Hendrickson v. Octagon Inc.*, No. C 14-01416 CRB, 2014 WL 2758750, at *3 (N.D. Cal. June 17, 2014). Mandatory forum-selection clauses "must use mandatory language like 'shall' or 'will' in conjunction with language indicating exclusivity." *Id.* (citing *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989)). In addition, the clause "must select a

specific venue." *Id.* (citing *Merrell v. Renier*, No. C06-404JLR, 2006 WL 1587414, at *3 (W.D. Wash. June 6, 2006).

The forum-selection clause at issue here includes some mandatory language. "The word 'shall' is a mandatory term, but does not necessarily indicate exclusivity." *Hendrickson*, 2014 WL 2758750, at *3 (citing *Hunt*, 817 F.2d at 78). However, two words lead to the conclusion the clause is mandatory: "forum" and "the." First, the word "forum" connotes the parties intent to select "a place of jurisdiction," court, or other judicial body. *Black's Law Dictionary* (10th ed. 2014). In contrast, in *Hendrickson*, the district court concluded the parties' failure to use terms such as "venue," "lawsuit," "legal," or "court" rendered the forum-selection clause ambiguous because the clause did not identify a specific and exclusive venue. *See* 2014 WL 2758750, at *3.[5] Where, as here, the parties used a legal term of art, there is no ambiguity.

Second, the parties indicated "that Clackamas County . . . shall be *the* proper forum." The word "the" is a crucial indicator of exclusivity. "The" is a definite article, which, unlike the indefinite article "a," functions to indicate the forum is unique or the only one. *See, e.g.*, *Superior Labor Servs., Inc. v. Folse Oilfield, LLC*, No. CIV.A. 13-6609, 2014 WL 793463, at *3 n.26 (E.D. La. Feb. 26, 2014) ("The word 'the' is 'used as a function word to indicate that a following noun or noun equivalent is *unique* or a particular member of its class.'" (quoting *Merriam–Webster*, http://www.merriam-webster.com/dictionary/the (last visited February 24, 2014) (emphasis added)); *CQ, Inc. v. TXU Mining Co., L.P.*, No. CIV.A. 05-1230, 2006 WL 278155, at *3 (W.D. Pa. Feb. 3, 2006) ("The term "the," immediately preceding identification of the "proper" forum, and taken with the phrase "any cause of action," clearly manifests an intent to render venue both compulsory and exclusive."). Thus, the plain terms of the contract make clear the parties agreed to litigate disputes arising from the contract in a court or judicial body with jurisdiction over Clackamas County, Oregon.

---

[5] In *Hendrickson*, the forum-selection clause reads as follows: "The location for any dispute shall be Fairfax County, Virginia." 2014 WL 2758750, at *3.

1   The inquiry does not end there.  Although the parties were sufficiently deliberate about
2   their choice of forum, they were not so clear about whether state or federal courts must adjudicate
3   their disputes.  The forum-selection clause does not specify that Clackamas County Circuit Court
4   is the *only* proper forum, which leaves open the possibility the U.S. Court for the District of
5   Oregon may also be an appropriate forum for this dispute.  The District of Oregon encompasses all
6   of Oregon's counties and has courthouses in Portland, Eugene, Medford, and Pendleton.  All
7   federal disputes arising from Clackamas County are assigned to the Portland division.  *See* U.S.
8   District Court for the District of Oregon, *Division Map*
9   https://www.ord.uscourts.gov/index.php/court-info/contact-us/division-map (last visited Aug. 18,
10  2016).  Unless a forum-selection clause clearly designates a state forum as the exclusive forum,
11  the federal court that covers the selected forum is proper.  *See Merrell*, 2006 WL 1587414, at *2–3
12  (concluding a complaint filed in the Western District of Washington forum-selection clause
13  identifying the venue for disputes as "the county of residence of the non-breaching party"
14  (Snohomish County) did not mandate adjudication in Snohomish County Superior Court and
15  could proceed in the federal court hearing matters from Snohomish County).

16  Thus, there remains the possibility the best way to enforce this forum-selection clause is to
17  transfer this matter to the District of Oregon, Portland Division, rather than dismissing the action
18  altogether.  *See Atl. Marine*, 134 S. Ct. at 580 ("[T]he appropriate way to enforce a forum-
19  selection clause pointing to a state or foreign forum is through the doctrine of *forum non*
20  *conveniens*.  Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for
21  the subset of cases in which the transferee forum is within the federal court system . . . ."); *Forte*,
22  2008 WL 3929814, at *2–3 (N.D. Cal. Aug. 26, 2008) (*sua sponte* transferring, rather than
23  dismissing, a case to the Western District of Texas rather than dismissing, where the forum-
24  selection clause provided the "[v]enue for any litigation will be in Travis County, Texas").

25  Accordingly, the parties are ordered to file briefs addressing whether the appropriate
26  course is to transfer this matter to the District of Oregon no later than September 8, 2016.  The
27  briefs shall not exceed five pages and should address (1) whether transfer to the District of Oregon

is proper; and (2) whether the interests of justice favor the transfer.  No responsive briefs will be permitted.

###     V.     CONCLUSION

The parties must submit briefs addressing whether a transfer to the District of Oregon is proper by September 8, 2016.  This matter will be submitted on the papers unless the parties are notified otherwise.

**IT IS SO ORDERED**.

Dated:  August 29, 2016

_____
RICHARD SEEBORG
United States District Judge