UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY MARKETING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> KAI USA, LTD., <br><br> Defendant. | Case No. 16-cv-02854-RS <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND TRANSFERRING THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON** |

In this contract suit, defendant KAI USA, Ltd. ("KAI") moves to dismiss plaintiff Brady Marketing Company, Inc.'s ("Brady") claims on the grounds of *forum non conviens*, pursuant to a clause in the parties' contract stating:  "The parties agree that Clackamas County, in the State of Oregon, shall be the proper forum for any action . . . brought under this Agreement."  Although this clause is valid and mandatory, *see* Order Req. Suppl. Br. 1, it is unclear "whether [it] identifies Clackamas County Circuit Court as the exclusive forum for any disputes, or whether the U.S. District Court for the District of Oregon [which encompasses all Oregon counties] is also a proper forum," *id.*  Thus, the parties were "ordered to file briefs addressing whether the appropriate course is to transfer this matter to the District of Oregon . . . address[ing] (1) whether transfer . . . is proper; and (2) whether the interests of justice favor the transfer."  *Id.* at 8-9.

Neither party's supplemental brief engages sufficiently with the issue.  KAI argues, falsely, that the "forum selection clause here specifies 'Clackamas County, Oregon as the exclusive

*venue*," Def.'s Suppl. Br. 1 (emphasis added), which of course it does not. The clause refers only to *forum*. KAI also announces that the "interest of justice analysis is unnecessary," *id.* at 2 (internal quotation marks omitted), and cites in support of its motion a series of cases dealing with contract clauses specifying a judicial *venue*, *id.* at 2-5. Brady, meanwhile, reiterates its rejected argument that the forum-selection clause violates public policy, Pl.'s Supp. Br. 1-2; Order Req. Suppl. Br. 4-6, and argues the apparently undisputed point that KAI is subject to personal jurisdiction in California. Pl.'s Supp. Br. 2.

Since the parties' briefs are altogether unenlightening on the subject of whether this action should be dismissed for *forum non conveniens* or transferred to the District of Oregon pursuant to 28 U.S.C. § 1404(a), the action shall be transferred "to avoid the necessity of plaintiff having to file and serve a new action." *Cf. Voicemail Club, Inc. v. Enhanced Servs. Billing, Inc.*, No. C 12-02189 SI, 2012 WL 4837697, at *4 (N.D. Cal. Oct. 10, 2012) (deeming transfer pursuant to 28 U.S.C. § 1406(a) preferential to dismissal).

Defendant's motion to dismiss is denied, and this action is hereby transferred to the United States District Court for the District of Oregon.

**IT IS SO ORDERED**.

Dated: September 22, 2016

_____
RICHARD SEEBORG
United States District Judge